"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAEMON PARDUE, | ) Case No. CV 10-01774 AHM (AN) |
| Petitioner, | ) |
| | ) AMENDED REPORT AND |
| v. | ) RECOMMENDATION OF |
| | ) UNITED STATES MAGISTRATE JUDGE |
| JOHN MARSHALL, Warden, | ) |
| Respondent. | ) |

This Amended Report and Recommendation ("Amended R&R") is submitted to the Honorable A. Howard Matz, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California, and supersedes the initial Report and Recommendation ("R&R") issued on December 22, 2010. For the reasons reported below, the Magistrate Judge recommends that the court deny the petition for writ of habeas corpus by a person in state custody ("Petition") pursuant to 28 U.S.C. § 2254 and dismiss this action with prejudice.

## I. BACKGROUND

**A.    State Court Proceedings**

On December 10, 1997, petitioner Raemon Pardue ("Petitioner") was convicted by a jury in the California Superior Court for Los Angeles County (case no. BA152911)

of two counts of child abuse (CAL. PENAL CODE § 273a(a)), two counts of inflicting corporal injury upon a child (CAL. PENAL CODE § 273d(a)), and one count of torture (CAL. PENAL CODE § 206). On February 10, 1998, he was sentenced to life in state prison with the possibility of parole. (Respondent's Lodged Document ("LD") 1.)

A parole consideration hearing was held for Petitioner on March 5, 2009, at the California Men's Colony in San Luis Obispo, California. At this hearing, a panel of the California Board of Parole Hearings ("Board") found Petitioner unsuitable for parole and deferred his next hearing for ten years. (Pet. at 33[1]; LD 4 at 2.) Petitioner challenged the March 5, 2009 decision by filing habeas petitions in the California Superior Court for Los Angeles County (case no. BH006105) and the California Court of Appeal (case no. B219818), as well as a petition for review in the California Supreme Court (case no. S178216), all of which were denied. (LD 3-8.) The superior court denied the first petition in a reasoned decision, the state court of appeal denied the second petition with citations to *In re Lawrence*, 44 Cal. 4th 1181, 82 Cal. Rptr. 3d 169 (2008); and *In re Shaputis*, 44 Cal. 4th 1241, 82 Cal. Rptr. 3d 213 (2008), and the California Supreme Court denied the third petition without comment or citation. (LD 4, 6, 8.)

**B.    Pending Proceedings**

On March 11, 2010, Petitioner filed the pending Petition, in which he claims the state courts' approval of the Board's March 5, 2009 decision finding him unsuitable for parole was an unreasonable application of the California "some evidence" requirement, and was based on an unreasonable determination of the facts in light of the evidence. (Pet. at 5, 33, 36-44, 71-73.) Respondent filed an Answer principally arguing that Petitioner has no clearly established federal liberty interest in parole. (Answer at 4-14.)

---

[1]   The Petition, including attachments and exhibits, is 76 pages in length, but is not consecutively numbered as required by Local Rule 11-3.3. For convenience and clarity, the court cites to the pages of the Petition by referring to the pagination furnished by the court's official CM-ECF electronic document filing system.

1    Petitioner then filed a Reply.

2         On December 22, 2010, the Magistrate Judge issued the R&R denying

3    Petitioner's claims and recommending dismissal of the Petition (dkt. 18). On January

4    10, 2011, Petitioner filed Objections (dkt. 19). However, soon thereafter, on January 24,

5    2011, the United States Supreme Court issued *Swarthout v. Cooke*, 562 U.S. ---, 131 S.

6    Ct. 859 (2011) (per curiam), which reversed *Cooke v. Solis*, 606 F.3d 1206 (9th Cir.

7    2010), rejected the Ninth Circuit's erroneous interpretation of clearly established federal

8    law on the standard of review applicable to California parole denials, and invalidated

9    the legal basis of Petitioner's claim. *Id.* at 862-63.

10        In light of *Cooke*, the court now issues this Amended R&R in accordance with

11   the correct clearly established Supreme Court law governing California parole hearings.

12   This Amended R&R supersedes the R&R in all respects.

## II. DISCUSSION

14   **A.    Standard of Review**

15        Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death

16   Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, a federal court may not grant a state

17   prisoner's application for habeas relief for any claim adjudicated on the merits in state

18   court proceedings unless the adjudication of the claim resulted in a decision that was:

19   (1) "contrary to, or involved an unreasonable application of, clearly established Federal

20   law, as determined by the Supreme Court of the United States[;]" or (2) "based on an

21   unreasonable determination of the facts in light of the evidence presented in the State

22   court proceeding." § 2254(d); *see Rice v. Collins*, 546 U.S. 333, 334, 126 S. Ct. 969

23   (2006); *Williams v. Taylor*, 529 U.S. 362, 405-09, 120 S. Ct. 1495 (2000); *Anderson v.*

24   *Terhune*, 516 F.3d 781, 786 (9th Cir. 2008) (*en banc*). Recently, the United States

25   Supreme Court unanimously reaffirmed the principle that the AEDPA is limited to:

26        preserv[ing] authority to issue the writ in cases where there is no

27        possibility fairminded jurists could disagree that the state court's decision

28        conflicts with this Court's precedents. It goes no farther. Section 2254(d)

3

1
2
3

reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

4 *Harrington v. Richter*, 562 U.S. ---, 131 S. Ct. 770, 786 (2011) (citation omitted).

5
6
7
8
9
10
11
12
13
14
15

"Clearly established Federal law" refers to the governing legal principle or principles established by the Supreme Court's holdings, not dicta, at the time the state court renders its decision. *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166 (2003); *Carey v. Musladin*, 549 U.S. 70, 74, 127 S. Ct. 649 (2006). "What matters are the holdings of the Supreme Court, not the holdings of lower federal courts." *Plumlee v. Masto*, 512 F.3d 1204, 1210 (9th Cir. 2008) (*en banc*). Where no decision of the United States Supreme Court "squarely addresses" an issue or provides a "categorical answer" to the question before the state court, § 2254 (d)(1) bars relief because the state court's adjudication of the issue cannot be contrary to, or an unreasonable application of, governing Supreme Court law. *Wright v. Van Patten*, 552 U.S. 120, 123-26, 128 S. Ct. 743 (2008); *Moses v. Payne*, 555 F.3d 742, 753 (9th Cir. 2009).

16
17
18
19
20
21
22
23
24
25
26

A state court decision is "contrary to" governing Supreme Court law if it: (1) applies a rule that contradicts the governing Supreme Court law; or (2) "confronts a set of facts . . . materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *See Brown v. Payton*, 544 U.S. 133, 141, 125 S. Ct. 1432 (2005); *Williams*, 529 U.S. at 405-06. The Supreme Court has emphasized that citation of its cases is not required so long as "neither the reasoning nor the result of the state-court decision contradicts [its governing decisions]." *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362 (2002); *see also Bell v. Cone*, 543 U.S. 447, 455, 125 S. Ct. 847 (2005). What matters is whether the last reasoned *decision* reached by the state court was contrary to Supreme Court law, not the intricacies of the analysis. *Hernandez v. Small*, 282 F.3d 1132, 1140 (9th Cir. 2002); *see also Richter*, 131 S. Ct. at 784-85.

27
28

A state court decision involves an "unreasonable application" of governing Supreme Court law if the state court: (1) identifies the correct governing Supreme Court

4

1  law but unreasonably applies the law to the facts; or (2) unreasonably extends a legal
2  principle from governing Supreme Court law to a new context where it should not
3  apply, or unreasonably refuses to extend that principle to a new context where it should
4  apply. *Williams*, 529 U.S. at 407. Further, unreasonable application requires the state
5  court decision to be "objectively unreasonable, not just incorrect or erroneous."
6  *Andrade*, 538 U.S. at 65; *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S. Ct. 2527
7  (2003). More specifically, to establish an "unreasonable application" of clearly
8  established Supreme Court precedent, "a state prisoner must show that the state court's
9  ruling on the claim being presented in federal court was so lacking in justification that
10  there was an error well understood and comprehended in existing law beyond any
11  possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87.

12        "Factual determinations by state courts are presumed correct absent clear and
13  convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S.
14  Ct. 1029 (2003) ("*Miller-El I*") (citing 28 U.S.C. § 2254(e)(1)); *see e.g.*, *Moses*, 555
15  F.3d at 745 n.1.

16        AEDPA's deferential standard applies to Petitioner's federal parole claim.
17  Petitioner raised it at each level of the state courts, the last of which was a petition for
18  review in the California Supreme Court. (LD 7.) Although the state high court denied
19  his claim without comment or citation (LD 8), that court's silent denial still constitutes
20  a denial "on the merits" for purposes of federal habeas review. *Richter*, 131 S. Ct. at
21  784-85. Further, under the "look through" doctrine, federal habeas courts determine
22  what level of deference to apply by looking through the unexplained state court
23  summary denials to the last reasoned state court decision, which in this case was the
24  superior court's order denying state habeas relief. *Ylst v. Nunnemaker*, 501 U.S. 797,
25  802-06, 111 S. Ct. 2590 (1991); *see also Pirtle v. California Board of Prison Terms*,
26  611 F.3d 1015, 1020 (9th Cir. 2010).

27  ///
28  ///

1    **B.    Due Process Claim**

2          Petitioner alleges a violation of his right to federal due process. He claims the

3    state courts unreasonably upheld the Board's denial of parole because that decision was

4    not supported by "some evidence" in the record that he poses a current threat to public

5    safety. He also contends the Board's findings were based on an unreasonable

6    determination of the facts in light of the evidence. In support for those contentions, he

7    more specifically alleges: (1) his commitment offense "was not particularly egregious,"

8    (2) he was denied parole "primarily on the immutable facts of the 12 year old

9    commitment offense," (3) a 2003 psychological evaluation drew positive conclusions

10   about him, (4) he has completed programs in prison and has positive parole plans, (5)

11   the superior court's reasoned order "did not offer any indication of the basis for its

12   decision," and (6) the sentencing judge promised he would be paroled in seven to ten

13   years. (Pet. at 33, 36-44; Reply at 1-7.)

14         It is clearly established that "there is no right under the Federal Constitution to

15   be conditionally released before the expiration of a valid sentence, and the States are

16   under no duty to offer parole to their prisoners." *Cooke*, 131 S. Ct. at 862; *see also*

17   *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99

18   S. Ct. 2100 (1979).

19         The Ninth Circuit has found California's parole scheme creates a liberty interest

20   such that an inmate has a right to parole "in the absence of some evidence of future

21   dangerousness." *Cooke*, 131 S. Ct. at 861; *see also Hayward v. Marshall*, 603 F.3d 546,

22   562 (9th Cir. 2010). However, in *Cooke*, the Supreme Court held "[w]hatever liberty

23   interest exists is, of course, a *state* interest created by California law," not a substantive

24   federal right. *Cooke*, 131 S. Ct. at 862 (emphasis added). In a situation such as

25   California's, where the state's parole scheme creates a liberty interest under state law,

26   federal due process requires *only* fair procedures, "and federal courts will review the

27   application of those constitutionally required procedures." *Id.*

28         In the context of parole, the constitutionally required procedures "are minimal."

6

1   *Id.*; *see Jancsek v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987) (*quoting*

2   *Pedro v. Oregon Parole Board*, 825 F.2d 1396, 1399 (9th Cir. 1987)) (because "parole-

3   related decisions are not part of the criminal prosecution, 'the full panoply of rights due

4   a defendant in such a proceeding is not constitutionally mandated.'"); *Ford v.*

5   *Wainwright*, 477 U.S. 399, 429, 106 S. Ct. 2595 (1986) ("once society has validly

6   convicted an individual of a crime and therefore established its right to punish, the

7   demands of due process are reduced accordingly"). More specifically, "the minimum

8   procedures adequate for due-process protection . . . are those set forth in *Greenholtz*,"

9   that is, an opportunity to be heard and a statement of reasons for the denial of parole.

10  *Cooke*, 131 S. Ct. at 862; *Greenholtz*, 442 U.S. at 16.

11       Beyond that, the Constitution "does not require more." *Cooke*, 131 S. Ct. at 862;

12  *Greenholtz*, 442 U.S. at 16. In *Cooke*, the Supreme Court further emphasized that "[n]o

13  opinion of ours supports converting California's 'some evidence' rule into a substantive

14  federal requirement. . . . it is no federal concern here whether California's 'some

15  evidence' rule of judicial review (a procedure beyond what the Constitution demands)

16  was correctly applied." Since the only federal right at issue is *procedural*, the relevant

17  inquiry is what process the inmate received, "not whether the state court decided the

18  case correctly." *Cooke*, 131 S. Ct. at 862-63.

19       Here, Petitioner's federal due process parole claim focuses exclusively on the

20  *reasons* for the Board's March 5, 2009 denial of parole. (Pet. at 33, 36-44; Reply at 1-

21  7.) He is not claiming he was denied the minimal procedural due process protections set

22  forth in *Greenholtz*. Thus, Petitioner's claim is not cognizable on federal habeas review

23  because it solely involves the application and/or interpretation of state law. *See* 28

24  U.S.C. § 2254(a); *Cooke*, 131 S. Ct. at 863; *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112

25  S. Ct. 475 (1991) ("In conducting habeas review, a federal court is limited to deciding

26  whether a conviction violated the Constitution, laws, or treaties of the United States.");

27  *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940 (1982) ("A federally issued writ of

28  habeas corpus, of course, reaches only convictions obtained in violation of some

7

1   provision of the United States Constitution."); *Langford v. Day*, 110 F.3d 1380, 1389

2   (9th Cir. 1997) ("We accept a state court's interpretation of state law, . . . and alleged

3   errors in the application of state law are not cognizable in federal habeas corpus.")

4       Further, here, like *Cooke*, the transcript of Petitioner's March 5, 2009 hearing

5   establishes that Petitioner, who was represented by counsel, was given an opportunity

6   to speak and contest the evidence against him, was afforded access to his records in

7   advance, and was notified of the reasons why parole was denied (*see* Respondent's

8   supplemental LD (dkt. 21) at 2, 7-15, 20-25, 69, 70-82). *Cooke*, 131 S. Ct. at 862.

9   Therefore, the minimum procedures adequate for federal due process protection were

10  satisfied in this case. *Cooke*, 131 S. Ct. at 862; *Greenholtz*, 442 U.S. at 16.

11      Finally, there is also no evidence supporting Petitioner's assertion in the Reply

12  that the sentencing judge made him an oral promise in contradiction to his life sentence.

13  (Reply at 1-2.) The record clearly shows he was sentenced to a term of life with the

14  possibility of parole (LD 1), and an indeterminate sentence is in legal effect a sentence

15  for the maximum term unless the Board acts to fix a shorter term. *In re Dannenberg*, 34

16  Cal. 4th 1061, 1097-98, 23 Cal. Rptr. 3d 417 (2005); *see also People v. Felix*, 22 Cal.

17  4th 651, 657-59, 94 Cal. Rptr. 2d 54 (2000) (for purposes of California's Determinate

18  Sentencing Act, "both straight life sentences and sentences of some number of years to

19  life are indeterminate sentences . . . .").

20      In light of *Cooke*, Petitioner has not established any basis for concluding the

21  California courts' rejection of his substantive due process parole claim was contrary to,

22  or involved an unreasonable application of, clearly established Supreme Court law. As

23  a result, he is not entitled to federal habeas relief.

24  ///

25  ///

26  ///

27  ///

28

8

1

**III. RECOMMENDATION**

2      In accordance with the foregoing, IT IS RECOMMENDED that the court issue

3 an order: (1) approving and adopting this Amended Report and Recommendation; and

4 (2) directing that judgment be entered dismissing this action with prejudice.

5

6

7 Dated:  March 2, 2011                                   _____

8                                                              ARTHUR NAKAZATO
                                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28